### HALEY et al. *vs.* CLARK.

1. The power to remit fines and forfeitures is confided by the State constitution to the Governor alone, and cannot be exercised by the Legislature; and therefore any act of the Legislature which attempts, directly or indirectly, to remit a fine, either before or after it has been paid, is unconstitutional.
2. Therefore the act of February 2, 1850, (Pamph. Acts 1849-50, p. 452,) entitled "An act for the relief of the securities of John Douglass, late clerk of the Circuit Court of Marion county", is unconstitutional.

APPEAL from the Circuit Court of Marion.

Tried before the Hon. ALEX. B. CLITHERALL.

THIS was an application for a *mandamus* to the appellee, as county treasurer of Marion county, to compel him to pay to the petitioners (who were Allen Haley, John M. Frederick, John T. Sanders, and Willian Warren) the sum of $500, which he was directed to pay to them by the act of the Legislature, approved February 2, 1850, entitled "An act for the relief of the securities of John Douglass, late clerk of the Circuit Court of Marion county." The petitioners allege that they have done everything required of them by the act, but the defend-

ant refuses to pay, &c. On the filing of the petition, a rule *nisi* was granted against the defendant, who subsequently filed a written answer to the petition, in which, among other things, he demurs to the petition, because it shows on its face that the act under which the petitioners claim is unconstitutional. The court sustained the demurrer, and refused the *mandamus*; and its judgment is now assigned for error.

R. S. Watkins, for the appellants :

The act under which the appellants claim is not unconstitutional. No one pretends that it is a pardon or remission of a fine or forfeiture. The act itself clearly shows what it is— viz., "an act for the relief" of these sureties ; that is, a donation to them, by the State, of a certain amount, upon certain conditions. That it does not divest any vested rights of the county is apparent. It directs the county treasurer to pay to the appellants a certain amount out of the fines and forfeitures now in the treasury, or which may hereafter come into it. Fines and forfeitures belong to the State, not to the county. They are reserved by the State, to be used in the payment of State witnesses, or for other purposes.—Code, §§ 3570, 3618. If they belonged to the county, and not to the State, the county might legally refuse to pay these witness tickets, although required to do so. If the act of 1850, under which appellants claim, is unconstitutional, so is the act requiring the county treasurer to pay State witnesses, upon a failure of prosecution, or where the defendant is insolvent. If, then, fines and forfeitures belong to the State, she had a right (as she has done by the act of 1850) to give a certain amount out of them to the appellants.—4 Watts & S. 401; 1 Humph. 48.

But admitting that fines and forfeitures are donated by the statute (Clay's Dig., p. 296, § 37) to the county, still they do not vest until the rendition of a judgment for them.—Pope v. Lewis, 4 Ala. 487. As a subsequent statute repeals a prior one to which it is repugnant, (3 Ala. 626,) the act of 1850 repeals the former statute, as to judgments rendered since its passage, until this amount of $500 is paid.—3 U. S. Digest, p. 488; 5 *ib*. 811. The Legislature has a right to change a donation to a county before it has been appropriated, or any right acquired under it.—1 Humph. 48; 6 Shep. 109.

TURNER REAVIS, with whom was WM. S. EARNEST, *contra:*

The act upon which the appellants predicate their claim is unconstitutional. Its effect is, to remit the fine which had been recovered against the appellants, and been paid by them; and it was, therefore, a usurpation of power which belonged exclusively to the executive.—Const. Ala., art. IV, § 11; *ib.*, art. II, § 2; 3 Barr 126; 1 Kelly 606; 2 Gill 147; 4 Blackf. 256. If the Legislature can order a fine, which has been paid, to be refunded, it renders the exclusive remitting power of the Governor almost a nullity; for, after the Governor has refused to remit, and the fine has been paid, the Legislature may order it to be refunded, which, in effect, is exercising the pardoning power after the Governor has refused to exercise it.

The fine belonged to Marion county. It had been paid, and constituted part of the county fund for the payment of county debts.—Clay's Dig., p. 249, § 10; *ib.* 296, § 37; *ib.* 330, § 99; *ib.* 142, § 1; *ib.* 578, § 12. It was, therefore, a vested right, which neither the Governor nor the Legislature could take away.—7 J. J. Mar. 645; 1 Kelly 606.

GOLDTHWAITE, J.—The appellants claim under a private act (Acts 1849-50, p. 452), by the first section of which it is enacted "that the treasurer of Marion county be, and he is hereby directed to pay Allen Haley, John M. Frederick, John T. Sanders, and William Warren, the securities of John Douglass, late clerk of the Circuit Court of Marion county, the sum of five hundred dollars, that being the amount of a fine which they have paid for said Douglass, in consequence of said Douglass having failed to comply with the requisitions of the second section of the act of 1834." The second section provides for the payment of the amount out of the funds of the county, arising from fines and forfeitures, upon making it appear that they have paid off and settled the fine, and all costs and damages in relation thereto, and also that Douglass has accounted for and paid all public moneys for which he as such clerk was liable.

The principal question is, whether this act is unconstitutional. By article IV, section 11, of the constitution of Alabama, the power to remit fines and forfeitures is given to the Governor, and by the second article, the powers of the gov-

ernment are divided into three distinct departments—the legislative, executive and judicial, and no one of these departments, or person belonging thereto, can exercise any power properly belonging to either of the others, unless expressly directed or permitted by the constitution. The power to pardon offences, except in case of treason and impeachment, and to remit fines and forfeitures, being, as we have seen, confided by the fundamental law to the executive branch of the government alone, this power is virtually denied to any other department, and cannot, therefore, be exercised by the Legislature. The only question is, whether the act referred to is, directly or indirectly, an attempt to remit a fine; for if it be so, the mode or manner in which it is to be done is entirely immaterial. It is the right which the constitution denies, without reference to the mode in which it may be exercised. We regard the act in question as a donation to the parties therein named of the amount of a fine which had been imposed on them in pursuance of law, upon making proof to the treasurer that they had paid it. A pardon is nothing more than relieving one from the penalty which the law has placed him under, and has the effect of restoring him to his condition before conviction.

It is impossible for any one to read the first section of the act, without seeing that its purpose is identical with a pardon. The plain intention is, to relieve the parties against a fine which the law has imposed on them—to place them, by the re-payment of the money, in the same condition they occupied before conviction; and this being the case, it matters not whether the act is passed before or after the fine is paid. It is the substance of the thing we must look at; and certainly it never could have been the intention of the framers of the constitution, to prohibit the Legislature from remitting a fine, and yet allow that body to accomplish the same result by compelling the fine when paid to be refunded. If that could be done, the prohibition would be nugatory. The Governor might refuse to pardon, and the Legislature direct the treasurer to pay the party the amount of his fine. We can see no real difference between the two cases. If the Legislature have the right to give away the public money—in relation to which we say nothing—they at least have not the constitu-

tional right to give it for the purpose of enabling an offender to relieve himself against a fine; and if that purpose appears upon the face of the act, courts could not do otherwise than declare it invalid. This is the case here : certain parties have been fined; it is not pretended the fine has been remitted by the Governor; it is conceded that the Legislature has not the authority to remit; but after payment, it is insisted, that body may legitimately refund the fine. To sustain this position would be to allow one department of the government to trench upon the powers of another, and to defeat the purpose which the constitution contemplated in confining the pardoning power to one branch of the government, by permitting it to be indirectly exercised by another.

The act we have considered being void, the judgment of the court in refusing to sustain any legal proceeding based upon it was correct.

Judgment affirmed.