163 So. 371

## MONTGOMERY v. STATE.

### 8 Div. 52.

Court of Appeals of Alabama.
Feb. 5, 1935.

Rehearing Denied Feb. 19, 1935.

Raymond Murphy, of Florence, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

SAMFORD, Judge.

The defendant was convicted on a charge of petit larceny and given a sentence of ten days as a punishment for the crime and forty days additional to pay the costs. This judgment was entered January 2, 1933, and suspended on that day and the defendant placed on probation, with a requirement that he report to the judge every other Saturday morning. On October 1, 1934, the defendant was hailed into court and resentenced for the term of the original sentence and to an additional term for having violated the terms of the probation. What the terms of the probation were does not appear and for that matter is of no moment in this appeal.

The power of the court to act in this matter depends upon the validity of an act of the Legislature approved September 28, 1932. This court being unanimous in the opinion that the above act was and is void, for reasons hereinafter appearing, propounded to the Supreme Court the following inquiry:

"To Honorable John C. Anderson, C. J., and Associate Justices:

"The Legislature of Alabama, at its session in 1932, passed the following act:

" 'Be It Enacted by the Legislature of Alabama:

" 'That Section One of an act entitled "An Act to provide for the suspension of imposition or execution of sentences and the placing of defendant upon probation; and to prescribe and give power to the State Courts to suspend imposition or execution of sentences and to place defendant upon probation and to give said Courts power of revocation and modification of probation; and to prescribe the duties of probationers," Passed July 14, 1931, be amended so as to read as follows:

" 'Section 1. The Several Courts of the State having original jurisdiction of criminal actions when it shall appear to the satisfaction of the Court trying the case or his successor in office that the ends of justice and the best interest of the public as well as the defendant, will be subserved thereby, shall have power after conviction or after a plea of guilty or nolo contendere for any crime or offense in all cases when the punishment is fixed by a judge or jury at not more than ten years in the penitentiary and in all cases where the defendant is sentenced to hard labor for the County to suspend the imposition or execution of sentence and to place the defendant upon probation for such period and upon such terms and conditions as they may deem best; or the Court may impose a fine and may also place the defendant upon probation in the manner aforesaid. The Court may revoke or modify any condition of probation or may change the period of probation. The period of probation together with any extension thereof shall not exceed five years. All modifications or extensions of the period of probation as granted hereunder to be made by the Judge of the Court where sentence was imposed.

" 'Approved September 28, 1932.' Acts Extra Session 1932, p. 54.

"In the opinion of this court this act violates section 43 of the Constitution of 1901, for the following reasons:

"The Constitution of 1901, § 124, places in the hands of the Governor the power to grant reprieves and paroles, commutation of sentences and pardons. This power rests exclusively in the Chief Executive and any effort on the part of the Legislature to place such power elsewhere is an encroachment upon the prerogative of the Governor. The vicious tendencies of such legislation was pointed out by this court in Vinson v. State, 16 Ala. App. 536, 79 So. 316, 317.

"When the above act is considered in connection with its companion act (Acts 1931, p. 443, § 2), wherein it is provided: 'At any time after the probation period, but within the maximum period for which the defendant might originally have been sentenced, the Court may issue a warrant and cause the defendant to be arrested and brought before the Court. Thereupon the Court may revoke the probation or the suspension of sentence, and may impose any sentence which might originally have been imposed,' it will be seen to be a thinly veiled effort under the guise of a suspension of sentence to permit each trial judge in the state to grant paroles and commutation of sentences after judgment and sentence, which can only be done by the pardoning powers.

"The suspension of sentences provided for in the foregoing act is entirely foreign to the inherent power of courts to suspend sentences as was pointed out by us in Vinson's Case, supra, in which opinion we said: 'To make the execution of the sentences of parties convicted of crime dependent upon their future good behavior, which good behavior could be alone determined by the judges fixing the sentences, would be not only an encroachment upon the powers of the Governor as fixed by the Constitution, but would be to set up a government of men and not of laws,' in direct opposition to the expressed genius of our institutions.

"For the foregoing reasons as well as others that might be suggested, this court is of the opinion that the act above cited is in violation of the Constitution of 1901, § 43, and is therefore void.

"The question is respectfully referred to the Supreme Court under authority of Code 1923, § 7322."

To which inquiry is the following response:

"Response to Certified Question by the Court of Appeals of Alabama.

"To the Honorable Court of Appeals of Alabama:

"KNIGHT, Justice.

"In reply to your inquiry as to whether or not the act of the Legislature of Alabama, entitled 'An Act To provide for the suspension of imposition or execution of sentences and the placing of defendant upon probation; and to prescribe and give power to the State Courts to suspend imposition or execution sentences and to place defendant upon probation and to give said Courts power of revocation and modification of probation; and to prescribe the duties of probationers,' passed over the Governor's veto July 14, 1931, Acts 1931, p. 444, as amended by the act of the Legislature approved September 28, 1932, Acts Extra Session 1932, p. 54, offends sections 43 and 124 of the Constitution, or either of said sections:

"We note that the judges of the Court of Appeals were of the opinion that the act, as amended, was unconstitutional and void, in that it was but an effort on the part of the Legislature to transfer to the courts power to grant paroles and commutations of sentences, a power expressly conferred upon the Governor.

"The state government, as pointed out in the case of State ex rel. French et al. v. Stone, County Treasurer, 224 Ala. 234, 139 So. 328, is divided into three co-ordinate branches, legislative, judicial, and executive; each has a sphere of action, and within that sphere each is, and must be regarded as, supreme. Powers confided to the one cannot be exercised by the others. That the Legislature, in the absence of constitutional restraint, is all-powerful in dealing with matters of legislation, it must be conceded, but the Legislature can at no time usurp the functions of either the executive or judicial department, and when it attempts to do so, its acts are abortive. Nor can it, in the exercise of its legislative powers, transfer from the executive department to the judicial department power expressly and exclusively conferred upon the executive department by the Constitution. Any attempt to do so would be just as abortive as if the Legislature itself

had attempted to exercise that power in the first instance.

"It is too clear to require argument, or citation of authority to demonstrate the proposition, that courts in this state, clothed with jurisdiction to try criminal actions, have no inherent power to suspend indefinitely sentences imposed on persons convicted of crime. The limit of such courts' powers to suspend sentences is reached, when the courts suspend the sentence for the purpose of giving effect to an appeal, writ of error, or certiorari, and to preserve the status quo of the parties pending such proceeding. Ex parte Knight, 61 Ala. 482.

"If the courts, therefore, rightly exercise power to suspend sentences indefinitely, or to do otherwise than to put their sentence into execution, such power must be conferred upon them either by statute, or by constitutional enlargement of their jurisdiction and powers. And, of course, if the Legislature is prohibited by constitutional limitation from conferring this power, any effort on its part to do so would be abortive.

"There is no pretense that this power of suspension is conferred by any provision of the Constitution. Then, was it within legislative competence to do so?

"Section 43 of the Constitution provides: 'In the government of this state, except in the instances in this Constitution hereinafter expressly directed or permitted, the legislative department shall never exercise the executive and judicial powers, or either of them; the executive shall never exercise the legislative and judicial powers, or either of them; the judicial shall never exercise the legislative and executive powers, or either of them; to the end that it may be a government of laws and not of men.'

"From this provision of our organic law, it is clear and manifest that the powers of government are distributed to three departments, each of which is confided to a separate body of magistracy (the legislative, the executive, and the judicial), and that each of these departments is emphatically forbidden to exercise any of the powers belonging to either of the others; *unless expressly directed or permitted by the constitution.* (Italics supplied.) Haley v. Clark, 26 Ala. 439; State ex rel. French et al. v. Stone, County Treasurer, supra; Dorman v. State, 34 Ala. 216, 230, 231; Alabama Life Ins., etc., Co.

v. Boykin, 38 Ala. 510; Carleton v. Goodwin's Ex'r, 41 Ala. 153; Sanders v. Cabaniss, 43 Ala. 173.

"The Legislature has no power to grant reprieves, paroles, commutations of sentences, and pardons, except in cases of impeachments. Having no such power itself, can it confer such power upon the courts? Can it by indirection do what is forbidden to it by the Constitution?

"Section 124 of the Constitution provides: 'The governor shall have power to remit fines and forfeitures, under such rules and regulations as may be prescribed by law; and, after conviction, to grant reprieves, paroles, commutations of sentence, and pardons, except in cases of impeachment.'

"It is here noted that the power to grant *paroles* was not conferred upon the Governor by the Constitution of 1875, or by any of its predecessors. This power was conferred by the Constitution of 1901. It may be, though we have no occasion to so decide, that prior to the adoption of the Constitution of 1901, the Legislature could have conferred this power to parole upon the courts, inasmuch as the power was not expressly conferred upon the Governor.

"In 12 Corpus Juris § 322, p. 838, the author makes the following broad statement of the law, supported in the notes thereunder with citations of many authorities, among the number being our own case of Haley v. Clark, supra: 'The pardoning power is not necessarily an executive function, and, to the extent that it is not vested by the constitution, it belongs no more to the executive branch of the government than to the legislative. *But where the pardoning power is conferred on the executive without express or implied limitations, the grant is exclusive, and the legislature can neither exercise such power itself nor delegate it elsewhere,* nor interfere with or control the proper exercise thereof, as by imposing conditions to the full enjoyment of the rights conferred by such pardon. If the constitution limits the pardoning power to cases of convicted criminals, the legislature may pass a general act of amnesty of offenses committed prior to a certain date, the perpetrators of which offenses have not been tried and convicted.' (Italics supplied.)

"It will be noted that, by the act now before us for consideration, the Legislature has attempted to confer upon courts of original jurisdiction of criminal actions

power to suspend the imposition or execution of sentences, in all cases where the punishment is fixed by the judge or jury at not more than ten years in the penitentiary, and in all cases where the defendant is sentenced to hard labor for the county to suspend the imposition or execution of sentence and to place the defendant upon probation for such period and upon such terms and conditions as they may deem best. The power is given the court to revoke or modify any condition of probation or may change the period of probation. The period of probation together with any extension thereof shall not exceed five years.

"Was this enactment within legislative competence, under our Constitution?

"In the case of Haley v. Clark, supra, the appellants had become liable to pay, and had paid, to the county treasurer, for the use of Marion county, a fine of $500, as the securities of the late clerk, and then procured an act of the Legislature to be passed (Acts 1849–50, p. 452), by the first section of which it was enacted, 'That the treasurer of Marion County be, and he hereby is, directed to pay to Allen Haley, John M. Frederick, John T. Sanders and William Warren, the securities of John Douglass, the late clerk of the Circuit Court of Marion County, the sum of five hundred dollars, that being the amount of a fine which they have paid for said Douglass, in consequence of said Douglass having failed to comply with the requisition of the second section of the Act of 1834.' The treasurer refused to pay the money, as required by the act, and the sureties attempted by mandamus to require him to do so. On appeal, this court held the act unconstitutional and void, because the Legislature, in its passage, attempted to exercise an executive and not a legislative power; that it was impossible for any one to read the act without seeing that its purpose was identical with a pardon. In concluding the opinion the court used this pertinent language: 'This is the case here: certain parties have been fined; it is not pretended the fine has been remitted by the Governor; it is conceded that the Legislature has not the authority to remit; but after payment, it is insisted, that body may legitimately refund the fine. To sustain this position would be to allow one department of the government to trench upon the powers of another, and to defeat the purpose which the constitution contemplated in confining the pardoning power to one branch of the government, by permitting it to be indirectly exercised by another.'

"After the decision in the Haley Case, supra, was announced, the provision of the Constitution with respect to the powers of the Governor to remit fines and forfeitures, and to grant reprieves, commutations, and pardons, was readopted in practically the same language in our subsequent Constitutions, with the added provision, new to the Constitution of 1901, conferring power upon the Governor to grant paroles. This was clearly the adoption of our construction placed upon this provision of the Constitution.

"A similar question again came before this court in the case of State ex rel. French et al. v. Stone, Treasurer, supra, and we there held that it was not within legislative competence to direct the repayment of money paid into the treasury of Mobile county by the sureties on the appearance bond of a defendant in a criminal case. We rested this holding upon the authority of the Haley Case, supra, and the clear and explicit language of the Constitution. Our conclusion was that the Legislature, in directing the refunding of the money to the sureties, was attempting to exercise by indirection functions or powers expressly conferred upon the Governor, and that the act was, therefore, unconstitutional and void. And we there held that what the Legislature could not do directly, could not be done indirectly, citing the case of Sanders et al. v. Cabaniss, supra.

"It is quite certain that the Legislature cannot authorize the suspension of a law by another agency, even in cases where it has the power to suspend the law.—Constitution 1901, § 21; Mitchell, Judge, etc., v. State ex rel. Florence Dispensary, 134 Ala. 392–412, 32 So. 687.

"In the case of Snodgrass v. State, 67 Tex. Cr. R. 615, 150 S. W. 162, 176, 41 L. R. A. (N. S.) 1144, the Criminal Court of Appeals of Texas dealt with the question involving the right of the Legislature to confer upon courts of that state the power to grant a suspended sentence in certain criminal cases, and after a period of good behavior recall the convict into court and relieve him entirely from the effect of his conviction. The court held the act unconstitutional and void as an attempt to confer on courts the power to

pardon, a power expressly conferred upon the governor by the people, and, therefore, denied to any other department of government.

"The Criminal Court of Appeals of Texas addressing itself to the question there involved observed: 'Thus it is seen that the object and purpose of the act in question, and the sole object and purpose, is to grant to a defendant adjudged guilty of crime, and his punishment assessed, immunity from the punishment on condition that he will not violate any law of the land for a given period of time, and is nothing more nor less and performs the office of a conditional pardon, to become absolute upon compliance with the conditions.' This, the court holds, renders the act unconstitutional and void. In concluding its opinion, the court observed: 'The Constitution having conferred upon the executive department the power to grant pardons, this act of the Legislature seeking to confer this power on the district judges of the state is in violation of that provision of the Constitution, and is null and void. * * * The law had a humane object, a worthy purpose, and, if it were possible under our Constitution to uphold it, we would be glad to do so, but, deeming it violative of the provisions of the organic law, we hold that the act is void.'

"In the case of People v. Brown, 54 Mich. 15, 19 N. W. 571, Judge Cooley, then Chief Justice of the Supreme Court, in writing for the court on the power of courts to suspend sentences, held a judge cannot by suspending a sentence indefinitely practically pardon a prisoner. The great jurist and writer on constitutional limitations then pointed out that for the court to undertake to do so would be usurping the functions of the executive of the state, for it, in effect, is the granting of a pardon.

"It is conceded that in those states where the power to suspend sentence after conviction is an inherent power, statutes, which by precise terms confer the power on courts of record having criminal jurisdiction, are to be treated as recognizing this inherent judicial function, and are held not to be invasive of, or as trespassing upon, the pardoning power, and such statutes, in those states, are therefore valid and legitimate exercise of legislative power. 8 R. C. L. § 257, p. 252; People ex rel. George D. Forsyth, District Attorney v. The Court of Sessions of Monroe County, 141 N. Y. 288, 36 N. E. 386, 23 L. R. A. 856.

"In the case of The State of Missouri, defendant in error, v. Charles Hockett et al., plaintiffs in error, 129 Mo. App. 639, 108 S. W. 599, 600, it is said: 'It seems to us that it is an exercise of the power of pardon to withhold the sentence which the law imposes. The court is but the instrument, the arm, of the law. The only power to indefinitely stay the force of that arm is lodged with another department of the government. *If the power be granted, where is it to be limited?* It is asserted to be a discretionary power. Therefore it would be in great part a power practically beyond control, *and might be exercised in cases where the general good demanded the law's enforcement.* If a court refuses to render a judgment in a civil case it may be compelled to perform that duty, and we can think of no good reason why it should not be likewise compelled to pass a sentence in a criminal case.' (Italics supplied.) We confess that there is much in the above excerpt to commend it to our judgment, as bearing directly upon the question now before us for solution.

"In 8 R. C. L., § 258, p. 253, the author states his conclusions as follows: 'On principle and authority the right of the court to suspend the execution of the sentence after it has been pronounced cannot be sustained, except as an incident to a review of the case on a writ of error, or on other well-established legal grounds. After sentence given, the matter within these limits would seem to be *wholly within the hands of the executive officers of the law.* The sole power is vested in the governor to grant reprieves, commutations and pardons after conviction, on such restrictions and limitations as he may think proper. And the action of the court after it had regularly pronounced the punishment provided by law for the offense is clearly obnoxious to the objection that it is an attempted exercise of power *not judicial but vested in the executive;* and it has been likened to the incorporation into our criminal jurisprudence of the "ticket of leave system," without any of its safeguards, leaving the convicted criminal subject to the mere option or caprice of the judge, who may direct the enforcement of the sentence after any lapse of time, however great, or withhold it, to the serious detriment, it may be, of the inter-

ests of the public,—a power plainly liable to abuse.' (Italics supplied.)

"It seems clear to us that if a court with 'original jurisdiction to try criminal actions' has no inherent power to suspend sentence, and it has none in this state, except in cases where a discretion as to the imposition of punishment is by the statute denouncing the offense reposed in the court, the Legislature would be powerless to supply that power to the court. This for the all-sufficient reason the Constitution intervenes, and denies this right to the Legislature.

"If it is within legislative competence to confer upon courts, having original jurisdiction of criminal actions, the power to suspend the imposition or execution of sentences, and place the defendant on probation in cases where the punishment does not exceed ten years, it would also, for like reason, be permissible for it to remove the limitations entirely, and give the courts the power to suspend the imposition or execution of the sentence in all cases, even as to a defendant sentenced to life imprisonment, or to death. Can it be said that such a situation was ever in the minds of the framers of our Constitution? The answer to the whole question is: The people recognized that power to remit fines, forfeitures, reprieves, paroles, commutations of sentence, and pardons should be lodged in some department of the government, to the exclusion of other departments, and, after due deliberation, they confided this power exclusively in the Governor.

"There it remains, and must remain until the sovereign people will that it shall be vested in whole or in part in some other department of government.

"The right to parole a person convicted of crime is wholly with the Governor. To parole a convict is but to suspend the execution of the sentence for a given period of time, or for an indefinite period, according to the terms of the parole, subject at any time, upon breach of the conditions, to be terminated, and the defendant returned to complete his sentence. Usually the parole is conditioned upon future good behavior of the convict. If it were assumed that the courts could suspend sentences there would be no difference in legal effect in the status of one convicted of crime, whether he is paroled by the Governor, or is released by the court on probation. However, the Constitution has lodged the power to parole in the Governor, and thereby has denied it to the courts and to the Legislature.

"After indulging every reasonable presumption in favor of the constitutionality of the act in question, we are at the conclusion it violates both sections 43 and 124 of the · Constitution, and is therefore null and void.

"We are not unmindful of the fact that in a number of states, statutes conferring upon courts the power to suspend sentence after conviction have been held valid, and not to encroach upon the power of the Governor to grant pardons, but in such states it will be observed that their Constitutions differ materially from ours, in that, under our Constitution, the power is conferred upon the Governor not only to pardon, but to grant paroles, which in those states holding valid the suspension statutes, no power of parole is conferred upon the Governor. The Supreme Court of Oklahoma, which has a similar constitutional provision to ours, holds that the courts cannot suspend sentences, that to ·do so would encroach upon the pardoning and paroling power of the governor. Ex parte Clendenning, 22 Okl. 108, 97 P. 650, 19 L. R. A. (N. S.) 1041, 132 Am. St. Rep. 628.

"The foregoing answers the question presented by the Court of Appeals for the determination of this court.

"All the Justices concur."

It follows that the judgment must be reversed, and as this defendant can no longer be proceeded against in this prosecution, a judgment will here be entered discharging the defendant.

Reversed and rendered.