181 So. 797
### REYNOLDS v. STATE.
### 3 Div. 801.

Court of Appeals of Alabama.
June 14, 1938.

John C. Arnold, of Birmingham, for appellant.

A. A. Carmichael, Atty. Gen., and Walter J. Knabe, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

Appellant filed petition for habeas corpus alleging that he was illegally confined in the State penitentiary, under a judgment of conviction for the offense of robbery, pronounced and entered against him on the 15th day of October 1934, wherein he was sentenced to serve a period of ten years in the penitentiary by the circuit court of Jefferson County. The petition was directed to the Honorable Walter B. Jones, Judge of the 15th Judicial Circuit. The pertinent portion of the petition reads as follows:

"2. That he is at present confined in Kilby Prison, a State Penitentiary of Alabama. That he is being held there by Frank Boswell, Warden of Kilby Prison, under the following circumstances: Your Petitioner was convicted of the crime of robbery on, to-wit, the 15th day of October, 1934, and the sentence duly suspended by the Judge who sentenced him. He was then given his freedom. Subsequently he was brought back into Court and resentenced and the said Frank Boswell, Warden of Kilby Prison, is at present imprisoning him under said second sentence, a copy of the transcript of the original proceedings is attached hereto.

"Wherefore, the above premises considered, your Petitioner prays that a writ of habeas corpus be issued, directed to the said *Frank* Boswell, commanding him to bring the body of the said Harris Reynolds before your Honor at such time and place as may be appointed, together with the cause of detention, then and there to do and receive what shall be considered concerning him."

The requisite preliminary writ was issued, and petitioner agreed that the hearing of the petition may be had without his being present in court, and without requiring the Warden of Kilby prison to produce him in court.

The appeal here is from an adverse ruling of the Judge of the 15th Judicial Circuit, wherein the application of petitioner for his discharge was denied.

Upon the hearing of this habeas corpus proceeding the facts found and ascertained are set out in the following order made and entered by the trial judge:

"The petitioner in this case was duly and legally convicted of the offense of robbery, and the jury fixed his punishment at ten years imprisonment; and on October 15, 1934, the petitioner was sentenced to be imprisoned in the penitentiary of Alabama for a period of ten years, and on that same day execution of this sentence was suspended by the Circuit Judge and the defendant was placed on probation for a term of ten years, conditioned on his future good behavior and the payment of the costs as stated in the judgment of conviction.

"At this time there was on the statute books of Alabama (General Acts, 1931, page 444), the Act known as the Sanderson Law, providing for the suspension of imposition or execution of sentences and the placing of defendants upon probation in Alabama. And defendant was released on probation.

"On September 26, 1935, upon a recommendation made to the Circuit Court by its probation officer, the Court came to the conclusion that the order of probation in petitioner's case should be revoked, and on that date the judgment putting the defendant on probation was revoked and the sentence was then and there put into effect, and defendant is now confined at Kilby Prison by the Warden thereof.

"On January 31, 1935, the Supreme Court of Alabama, Montgomery v. State, 231 Ala. 1, 163 So. 365 [101 A.L.R. 1394] rendered a decision declaring the Sanderson Law unconstitutional.

"The matter has been heard by the Court on the petition for habeas corpus and the

248

,exhibit thereto, and upon the return of Frank Boswell, as Warden of Kilby Prison; and, upon consideration thereof, the Court is of opinion that the Circuit Court of Jefferson County had full authority. to revoke its order of probation and to direct that its original sentence be put into force and effect. Therefore, the petitioner is not illegally restrained of his liberty, and is not entitled to the benefits of the writ of habeas corpus.

"It is ordered and adjudged That the application of petitioner for his discharge be and the same is hereby'denied, and the writ issued in this case is hereby discharged.

"Dated at Montgomery this November 15th, 1937.

"Walter B. Jones, Circuit Judge."

The facts above stated, as found by the court, are admittedly correct. Under said facts petitioner contends that he is entitled to his liberty and that the court erred in holding otherwise. The State, of course, insists that the order entered was correct and no error prevails.

From the foregoing, the question presented is whether a person who has been regularly and lawfully convicted of the offense of robbery and duly sentenced to imprisonment for ten years in the penitentiary, automatically gained his permanent freedom when placed on probation by the circuit judge under the provisions of the so-called Probation Act (Gen.Acts 1932, Ex.Sess., p. 54).

This court is of the opinion the question answers itself. There appears no error in the action of the court, supra. In the first place, as stated, the trial court was without authority of law to grant a parole to the prisoner, but if this were not true and if the order placing the prisoner on probation had been legal in all respects, the court would have had the vested right to revoke or modify any condition of probation, or could have changed the period of probation.

The authorities cited by appellant and relied upon to effect a reversal are wholly without analogy to the case at bar, and these questions need no discussion at our hands.

The proceedings in the lower court were regular in all respects, and the order appealed from is in all things affirmed.

Affirmed.