23 So.2d 861

### In re UPSHAW.

Supreme Court of Alabama.
Oct. 25, 1945.

STAKELY, Justice.

We acknowledge receipt of your inquiry as to whether the Act of the Legislature, No. 426, approved July 7, 1945, amending Title 42, Code 1940, is contrary to the Constitution of the State of Alabama and especially contrary to Section 45 thereof and Amendment 38 thereof. We understand that the foregoing has been submitted to this court pursuant to Section 98, Title 13, Code 1940. We further understand that the constitutional questions relating to the aforesaid Act have arisen under the following circumstances:

Frank Upshaw was convicted and adjudged guilty in the 'Circuit Court of Russell County of unlawfully possessing a still and engaging in the unlawful manufacture of prohibited liquors in violation of Section 131, Title 29, Code 1940. Thereupon, in accordance with the Act, the probation officer filed with the Clerk of the Circuit Court his report showing the circumstances of the offense, the defendant's criminal record, social history, etc. Thereupon the Judge of the Circuit Court denied the application for probation. Thereupon the Board of Pardons and Paroles, upon examination of the proceedings, deemed it proper and accordingly forwarded to the Clerk of the Court of Appeals the report of the probation officer, together with a certificate by the Clerk of the Circuit 'Court of the action of the Circuit Court in denying the application for probation. According to the requirements of the Act, the Court of Appeals must now review the case on such written record and make such order in the premises as in its judgment the court below should have made.

We think it is clear that the validity of the procedure contemplated by the foregoing Act must turn on the interpretation to be given to Amendment 38 to the Constitution of 1901, because prior to the Amendment, the courts of the State had no power of pardon, parole or probation. Montgomery v. State, 231 Ala. 1, 163 So. 365, 101 A.L.R. 1394. The Amendment reads as follows: "The Governor shall have power to grant reprieves and commutations to persons under sentence of death. The Legislature shall have power to provide for and to regulate the administration of pardons, paroles, remission of fines and forfeitures, and may authorize the courts having criminal jurisdiction to suspend sentence and to order probation. No pardon shall relieve from civil and political disabilities unless specifically expressed in the pardon."

In order to reach a correct construction of the foregoing Amendment, "it is a well-settled rule of interpretation, applicable to constitutions as well as statutes, that it is permissible in ascertaining their purpose and intent to look to the history of the times, the existing order of things, the state of the law when the instrument was adopted, and the conditions necessitating such adoption." Houston County v. Martin, 232 Ala. 511, 514, 169 So. 13, 16. See also Fox v. McDonald, 101 Ala. 51, 13 So. 416, 21 L.R.A. 529, 46 Am.St.Rep. 98; Storrs v. Heck, 238 Ala. 196, 190 So. 78.

What, then, was the state of the law when Amendment 38 was adopted and what were the conditions necessitating such adop-

tion? Simply stated, this was the situation. This court, in Montgomery v. State, supra, had held that the power to grant pardons and paroles lies wholly within the powers of the Governor enumerated in Section 124 of the Constitution and conversely that such power is not within the inherent power of the courts nor was the power to suspend the imposition or execution of sentences because the same was in the nature of a parole. According to said decision, it followed that the Legislature had no power by reason of Section 43 of the Constitution to delegate such power to the courts and its act with that end in view was unconstitutional. See Acts of Extra Session, 1932, p. 54.

It is apparent to us that the purpose of Amendment 38 was to meet the law as laid down by us in the foregoing decision. The purpose of the Amendment, in so far as the power of the court is concerned, was to grant to the Legislature the power to authorize the courts to exercise probation power. Pinkerton v. State, 29 Ala.App. 472, 198 So. 157, certiorari denied 240 Ala. 123, 198 So. 162. Having in mind the background of the Amendment, we do not think that the Amendment was intended to do more than that so far as the question under consideration is concerned. Our system of government has always recognized three branches of the government—executive, judicial and legislative, each supreme and untrammeled in its own sphere.—Section 42, Article III, Constitution of 1901. The Amendment was not intended to make the courts subservient to the executive branch of the government or to enable the Board of Pardons and Paroles either to review the action of the Circuit Court or to direct the action of the Court of Appeals or to determine when an appeal may be taken.

Section 2 of the Act, when carefully read, discloses that the Board of Pardons and Paroles has discretion, when the case is certified to it, to determine whether probation is proper and in the public interest and if so to certify it to the Court of Appeals or if not so, take no action in that respect. So in the last analysis the Board of Pardons and Paroles is given full authority over cases so certified as to probation matters.

If the action of a circuit court is laid in error or shows abuse of discretion, there are ample remedies available to right the wrong by procedure within the courts, without the need of agencies in other branches of the government. Persall v. State, 31 Ala.App. 309, 16 So.2d 332. This fortifies us in the belief that the Amendment was not intended to grant the power sought to be exercised in the present case. We conclude that the Act contravenes the Constitution and is invalid in so far as Section 2 of the Act is concerned, but that the other sections of the Act do not violate Amendment 38 nor Section 45 and stand unaffected by the invalidity of Section 2. In view of the conclusion reached, further discussion is not necessary.

All the Justices concur.