This is an appeal from a judgment convicting defendant of trafficking in cannabis, imposing against him a fine of $25,000 and sentencing him to imprisonment for nine years, with a provision in the judgment that "the first three calendar years of said sentence is mandatory imprisonment."
The indictment expressly charged a "violation of § 20-2-80
(1) of the Code of Alabama, 1975," which provides:
"Except as authorized in chapter 2, Title 20:
 "(1) Any person who knowingly sells, manufactures, delivers, or brings into this state, or who is knowingly in actual or constructive possession of, in excess of one kilo or 2.2 pounds of cannabis is guilty of a felony, which felony shall be known as `trafficking in cannabis.' If the quantity of cannabis involved:
 "a. Is in excess of one kilo or 2.2 pounds, but less than 2,000 pounds, such person shall be sentenced to a mandatory minimum term of imprisonment of three calendar years and to pay a fine of $25,000.00.
 "b. Is 2,000 pounds or more, but less than 10,000 pounds, such person shall be sentenced to a mandatory minimum term of imprisonment of five calendar years and to pay a fine of $50,000.00.
 "c. Is 10,000 pounds or more, such person shall be sentenced to a mandatory minimum term of imprisonment of 15 calendar years and to pay a fine of $200,000.00."
No issue is raised on appeal as to the sufficiency of the evidence to support the verdict of the jury, and we find no reasonable basis for such a contention. According to the undisputed evidence, an officer of the Narcotics Unit of the Department of Public Safety of Alabama, while acting as an undercover agent, negotiated with defendant and two other men relative to the purchase by the officer of some marijuana. The *Page 93 
negotiations continued until there was a meeting of the officer with the other negotiating parties at a place along a street in Munford in Talladega County, where all four had arrived in motor vehicles. After a confrontation and a showing that the officer had the money to buy and the demonstration that the other three had the marijuana to sell, the officer, assisted by three backup officers, arrested the defendant and the other two men acting with him and seized the marijuana. Mr. David Thorne, a crime laboratory analyst of the Alabama Department of Forensic Sciences, testified that the seized material was "Marijuana or Cannabis" and that the total weight thereof was "5926 grams and that is equal to 12.98 pounds." Defendant did not testify, and no witness testified on his behalf.
The only issues raised by appellant challenge the constitutionality of Code of Alabama 1975, (1981 Cum.Supp.) §20-2-80 (1) quoted above and § 20-2-81 (a) as follows:
 "Notwithstanding the provisions of chapter 22, Title 15, with respect to any person who is found to have violated this article, adjudication of guilt or imposition of sentence shall not be suspended, deferred, or withheld, nor shall such person be eligible for parole prior to serving the mandatory minimum term of imprisonment prescribed by this article."
Both §§ 20-2-80 and 20-2-81 are based upon Acts 1980, No. 80-587, p. 926, effective May 28, 1980. The alleged crime occurred on November 24, 1980, and the indictment alleged that it occurred subsequent to May 28, 1980.
The record shows that defendant's indigency was shown to the satisfaction of the trial court and that, at defendant's request, counsel for him was appointed, who has ably represented him on the trial and on this appeal.
Appellant's attorney emphasizes defendant's indigency in pressing his contentions as to the question of the constitutionality of Code of Alabama 1975, § 20-2-80 (1), in prescribing "a fine of $25,000.00" as part of the punishment for the crime. He says that thereby defendant was denied "due process of law" guaranteed to him by the Fourteenth Amendment to the Constitution of the United States and that such a fine is excessive and therefore violative of the Constitution of Alabama of 1901, Art. 1, Sec. 15. In support of his contention as to due process, he cites Castle v. United States,399 F.2d 642, 652 (5 Cir. 1968), which tends, at least, to the contrary by the following:
 "It might be argued that the excessive finding of an indigent violates substantive due process of law because it does not serve a legitimate end of punishment and, in fact, interferes with rehabilitation. The Supreme Court has recently indicated, however, that rehabilitation is not the only end of punishment and that special and general deterrents are still valid considerations in making the punishment fit the crime. Powell v. State of Texas, 1968, 392 U.S. 514, 88 S.Ct. 2145, 2153, 20 L.Ed.2d 1254."
To this, it may be added, that the size of the fine is not incommensurate with the money involved in the drug traffic and the price placed on controlled substances, which in the instant case, according to the evidence, was "five hundred dollars a pound," substantially more than the current price everywhere of an ounce of pure gold. Whether a mandatory fine fixed by a legislature constitutes a violation of the constitutional inhibition against excessive fines is to be determined largely by the preventive effect upon the commission of the particular kind of crime for which the fine is imposed. Although the judiciary is empowered to vitiate a statute in the prescription of an excessive fine, it should not substitute its own judgment as to appropriate punishment for the judgment of the legislature in that respect. Cabble v. State, Ala.Cr.App.,347 So.2d 546 (1977), cert. denied, 347 So.2d 551. We do not agree with either of appellant's contentions that the mandatory fine of $25,000 was unconstitutional. See Wheatt v. State,410 So.2d 479 (Ala.Cr.App. 1982).
Appellant further insists that defendant's right to be free from "cruel and unusual *Page 94 
punishment" is violated by § 20-2-81 (a), which, as appellant correctly asserts, "precludes probation altogether and precludes parole for at least three years after" commencement of the term of his imprisonment. In dealing with this question, the history of the present law in general as to both probation and parole is to be considered. It commenced with the ratification of Amendment No. 38 of the Constitution of Alabama of 1901, which amended Art. V, § 124, by in part providing that the "legislature," instead of the governor "shall have power to provide for and to regulate the administration of pardons, paroles, remission of fines and forfeitures, and may authorize the courts having criminal jurisdiction to suspend sentence and to order probation." Pursuant to Amendment No. 38, legislation was promptly enacted (Acts 1939, No. 278, p. 434) empowering the courts to suspend sentences for convictions of crime and to place the defendants on probation, and contemporaneously therewith the Legislature by Acts 1939, No. 275, p. 426, created "a board of pardons and paroles" with the authority contemplated by Amendment No. 38. Prior to the amendment and prior to authorization by the Legislature, the courts of Alabama had no power to suspend the sentence on a convicted defendant or to place him on probation. Since then, all courts having criminal jurisdiction have been empowered to suspend sentences, except sentences to death, and place defendants on probation. In re Upshaw, 247 Ala. 221, 23 So.2d 861 (1945); Exparte, Robinson, 44 Ala. App. 469, 213 So.2d 409 (1968).
It necessarily follows that the Legislature, which now constitutionally has the plenary power under Amendment No. 38 to provide for and to regulate the administration of paroles and to authorize the courts having criminal jurisdiction to suspend sentence and to order probation is not powerless to change its laws on the subject. The legislative will as expressed in Code of Alabama 1975, § 20-2-81 (a), prohibiting the Board of Pardons and Paroles from paroling one convicted of the crime of which appellant was convicted and the courts from placing him on probation, controls in the instant case and must govern our action. Wheatt v. State, supra.
It is to be observed from the history of paroles, suspension of sentences, probation and the like in Alabama as coming within the functions or powers of the legislative or the judicial branches of the government, they are not pillars thereof, being only about one-fourth as old as the state of Alabama. They do not rise to the stature of constitutional or inherent rights. Greenholtz v. Inmates of Nebraska Penal andCorrectional Complex, 442 U.S. 1, 99 S.Ct. 2100, 60 L.Ed.2d 668
(1979). They are bestowed by sovereign power as a "privilege" and not as an unalterable "right." Pinkerton v. State,29 Ala. App. 472, 198 So. 157, cert. denied, 240 Ala. 123,198 So. 162 (1940); Summers v. State, 31 Ala. App. 264, 15 So.2d 500, cert. denied, 244 Ala. 672, 15 So.2d 502 (1943).
The appellant was lawfully convicted and sentenced. There is no error in the record. The judgment of the trial court should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court. The judgment of the trial court is hereby
AFFIRMED.
All the Judges concur. *Page 247