444 So.2d 888 (1983)
Ex parte Geary Heber JONES.
(In Re: Ex Parte: Geary Heber Jones).
(Re: Geary Heber Jones v. State).
82-880.
Supreme Court of Alabama.
June 22, 1983.
Opinion Issued July 1, 1983.
*889 John C. Falkenberry, Frances Heidt, and Donald W. Stewart of Stewart, Falkenberry & Whatley, Birmingham, for petitioner.
Charles A. Graddick, Atty. Gen., and Tom Allison, Asst. Atty. Gen., for respondent.

ORDER
PER CURIAM.
Geary Heber Jones having filed in this Court a petition for writ of certiorari and petition for writ of habeas corpus, or, alternatively, petition for a writ of mandamus, to compel the setting of a bond on appeal and to admit petitioner to bail, and the same having been set down for hearing and argument before the court, it is considered that the petitioner is entitled to relief.
IT IS, THEREFORE, ORDERED that the writ of certiorari to the Court of Criminal Appeals be, and the same is hereby, granted.
IT IS FURTHER ORDERED that the provisions of Rule 39(f) and (g), Alabama Rules of Appellate Procedure, be, and the same are hereby, suspended, and this cause is remanded to the Court of Criminal Appeals with directions to enter an order remanding this cause to the Circuit Court of Jefferson County, Alabama, for the purpose of fixing a bond under the provisions of § 12-22-170, Code 1975.
Opinion of the Court to follow.
TORBERT, C.J., and MADDOX, FAULKNER, JONES, ALMON, SHORES, BEATTY and ADAMS, JJ., concur.
EMBRY, J., not sitting.

OPINION
SHORES, Justice.
Petitioner, Geary Heber Jones, was convicted of trafficking in cannabis, pursuant to § 20-2-80, Code of Alabama 1975, on June 17, 1983, and was forthwith sentenced by the trial judge to a term of ten years in the penitentiary and a fine of $50,000, as mandated by statute. The petitioner gave oral notice of appeal and requested the circuit judge to set a bond for his release pending appeal, pursuant to § 12-22-170, Code. The circuit judge denied the petitioner's request for bail and entered the following order:
"This sentence is pronounced under § 20-2-81 known as the Trafficking Statute which prohibits suspension, deferment and withholding sentence and restricts eligibility for parole prior to serving the minimum term of imprisonment.
"Notice of appeal is given and defendant will be represented by Attorneys Heidt and Stewart. No bond is set because the Court of Appeals opinion in Smith v. State, 4 Div. 58, prohibits bond *890 in this type of case under this particular statute."
The petitioner then filed in the Court of Criminal Appeals a petition for writ of habeas corpus or, alternatively, a petition for writ of mandamus to compel setting bond pending appeal. That court denied the petition on June 21, 1983. Judges Tyson and Harris dissented.
After his application for rehearing was denied by the Court of Criminal Appeals, the petitioner filed a petition for writ of certiorari or habeas corpus or, alternatively, petition for writ of mandamus in this Court.
Petitioner argues that he is entitled to bond pending appeal under the express language of § 12-22-170, Code. That statute has been the law in this state since 1852. It provides, in pertinent part:
"When any question of law is reserved in case of a felony and it shall be made known to the court that the defendant desires to take an appeal to the appropriate appellate court, judgment must be entered against the defendant, but execution thereof must be stayed pending the appeal and the defendant held in custody. If the sentence is for a term not exceeding 20 years, the judge must direct the clerk of the court in which the conviction is had to admit the defendant to bail in a sum to be fixed by the judge...." (Emphasis added.)
The State counters by arguing that § 20-2-81, Code, supersedes § 12-22-170 in trafficking cases. The pertinent parts of that statute provide:
"(a) Notwithstanding the provisions of chapter 22, Title 15, with respect to any person who is found to have violated this article, adjudication of guilt or imposition of sentence shall not be suspended, deferred, or withheld, nor shall such person be eligible for parole prior to serving the mandatory minimum term of imprisonment prescribed by this article."
Chapter 22 of Title 15 deals with pardon, probation and parole. It does not deal with bail. Section 20-2-81 provides that persons who are found guilty of violating the trafficking statute shall not be considered for pardon, probation or parole. It does not say that such persons shall also be denied bail pending appeal, a right granted by § 12-22-170 to all convicted criminal defendants whose sentence is twenty years or less. The legislature could have withheld this privilege, as well as probation, pardon and parole, had it chosen to do so, but it did not refer to § 12-22-170 either expressly or by referring to bail pending appeal. The legislature obviously intended that all persons convicted of trafficking would receive a minimum mandatory sentence (unless they fall within the express exception set out in § 20-2-81(b)) and that the sentence would be served. Neither the trial courts nor the Pardons and Parole Board has the power to reduce or suspend the mandated sentence. Williams v. State, 420 So.2d 91 (Ala.Cr.App. 1982). Had the legislature also intended to change the law with respect to bail pending appeal as set out in § 12-22-170, Code, it could have said so. We cannot read into the statute a provision which the legislature did not include.
The Court of Criminal Appeals remanded Smith v. State, 436 So.2d 1 (Ala.Cr.App. 1982), for imposition of a proper sentence. Smith was convicted of trafficking in cannabis in violation of § 20-2-80. The trial court sentenced him to three years. The statute mandates a three-year sentence and a $25,000 fine. The Court of Criminal Appeals correctly held that the trial court had no authority under § 20-2-81(a) to suspend the $25,000 fine.
It incorrectly concluded in the present case that § 20-2-81 operated to deny the petitioner bond pending appeal.
The writ of certiorari is granted, and the cause is remanded to the Court of Criminal Appeals for entry of an order directed to the trial court to fix bond pending appeal of the conviction of Jones pursuant to § 12-22-170, Code of Alabama 1975. We note that the Court of Criminal Appeals did just that in an identical case, Ex parte *891 Dickerson, 7 Div. 901, by unpublished order dated October 2, 1981.
WRIT GRANTED; REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, FAULKNER, JONES, ALMON, BEATTY and ADAMS, JJ., concur.
EMBRY, J., not sitting.