Hughes appeals the trial court's dismissal of his petition for writ of error coram nobis wherein he contests the validity of his sentence of five years' imprisonment for his 1984 conviction for trafficking in cannabis. He specifically asserts, in his petition, that (1) the imposition of his sentence was in violation of his protection against double jeopardy, and (2) his trial counsel was ineffective for failing to object to the imposition of his sentence.
The record reveals that Hughes was originally sentenced on March 21, 1984, to five years' imprisonment. At that time, Hughes applied for probation. The trial court denied his application, but offered Hughes the option of serving a split sentence of imprisonment for 12 months in the county jail and the balance of the sentence on supervised probation. Hughes opted for this alternative, and the court sentenced him accordingly. In its order denying Hughes's instant petition, the court noted that "because of the probation request, [it] was under the impression that the Defendant was convicted of felony possession of marijuana, § 20-2-70, Code of Alabama and could be considered for probation." However, on the following day, the court declared this split sentence a nullity, when considered in light of § 20-2-81(a), which reads as follows:
 "Notwithstanding the provisions of chapter 22, Title 15, with respect to any person who is found to have violated this article, adjudication of guilt or imposition of sentence shall not be suspended, deferred, or withheld, nor shall such person be eligible for parole prior to serving the mandatory minimum term of imprisonment prescribed by this article." *Page 891 
The court then sentenced Hughes to five years' imprisonment.
We find that Hughes's second sentence was validly imposed and that his counsel was not ineffective for failing to object to this sentence.
Clearly, as the trial court realized, the split sentence under § 15-18-8, Code of Alabama 1975 (amended 1985), was invalid, as applied to Hughes,[1] and, thus, a nullity. Application of § 15-18-8 necessitates suspension of that portion of the split sentence that is not actual confinement and placement of the convicted defendant on probation for that period. However, one convicted of trafficking in illegal drugs can not be placed on probation nor can his or her sentence be reduced or suspended unless the exception in § 20-2-81(b) applies.
We find guidance for this holding in Ex parte Jones,444 So.2d 888, 890 (Ala. 1983), as follows:
 "Chapter 22 of Title 15 [referred to in § 20-2-81(a)] deals with pardon, probation and parole. . . . Section 20-2-81 provides that persons who are found guilty of violating the trafficking statute shall not be considered for pardon, probation or parole. . . . The legislature obviously intended that all persons convicted of trafficking would receive a minimum mandatory sentence (unless they fall within the express exception set out in § 20-2-81(b)) and that the sentence would be served. Neither the trial courts nor the Pardons and Parole Board has the power to reduce or suspend the mandated sentence. Williams v. State, 420 So.2d 91 (Ala.Cr.App. 1982)."
See also Roberts v. State, 482 So.2d 1293, 1295 (Ala.Cr.App. 1985); Eldridge v. State, 418 So.2d 203, 207 (Ala.Cr.App. 1982); Wheatt v. State, 410 So.2d 479, 484 (Ala.Cr.App. 1982). Furthermore, in the recent case of State v. Drewry,519 So.2d 591, 596 (Ala.Cr.App. 1987), the court held the following:
 "[W]hen a defendant has been convicted of trafficking in drugs under § 20-2-80, the sentencing court can only grant probation or reduction of the three-year minimum mandatory sentence where the state's attorney has filed a motion requesting such reduction or suspension. It is the motion that triggers the court's jurisdiction or authority to reduce or suspend sentence. From the language of the statute, this was the clear intent of the legislature."
Since the first sentence imposed on Hughes was invalid, the trial court had not only the power, but the duty, to sentence Hughes as required by law. See Bozza v. United States,330 U.S. 160, 67 S.Ct. 645, 91 L.Ed. 818 (1947). "In this case the court 'only set aside what it had no authority to do and substitute[d] directions required by the law to be done upon the conviction of the offender.' " Id. at 167, 67 S.Ct. at 649
(quoting In re Bonner, 151 U.S. 242, 260, 14 S.Ct. 323, 327,38 L.Ed. 149 (1894)). See also Johnson v. State, 421 So.2d 1306,1314 (Ala.Cr.App. 1982), and cases cited therein. It did not twice put Hughes in jeopardy. Bozza.
Accordingly, this cause is affirmed.
AFFIRMED.
All Judges concur.
[1] Section 15-18-8 was amended, effective September 24, 1985, to allow the trial court to confine the convicted defendant for a period not exceeding three years. Acts 1985, 2nd Ex.Sess., No. 85-905, § 1. It could be argued that, under the current version of § 15-18-8, the sentence of a convicted defendant could be split since he could be sentenced to three years, the required minimum under § 20-2-80. It could be argued that § 20-2-81(a) and the current version of § 15-18-8 could be reconciled since § 20-2-81(a) authorizes parole after service of the mandatory minimum three years and § 15-18-8 allows a split sentence with a maximum service of three years' actual confinement. However, we need not determine the validity of that argument, here, because the original version of § 15-18-8, applicable to Hughes, allowed the court to confine the defendant for a period not exceeding one year. Moreover, we note that the court inWilliams v. State, 420 So.2d 91, 94 ([Ala.Cr.App.] 1982), affirmed the appellant's assertion that "§ 20-2-81(a) . . . precludes probation altogether." *Page 892