I dissent from the holding in Part III of the majority opinion that the provisions of the Demand Reduction Assessment Act are not mandatory.
As the majority observes, the inclusion of the word "shall" in a statute usually indicates that compliance with the statute is mandatory unless that construction would defeat the intent of the legislature. Ex parte Brasher, 555 So.2d 192, 194
(Ala. 1989). I find nothing in Ala. Code 1975, § 13A-12-280 et seq., that demonstrates that it would be contrary to the intent of the legislature to construe the Demand Reduction Assessment Act as mandatory.
Since 1988, the Alabama legislature has clearly expressed its intent to impose harsh mandatory punishments on drug dealers. The enhancement provisions of § 13A-12-250 and § 13A-12-270, which provide for an increased sentence if a drug sale occurs within a three-mile radius of a school or a public housing project, respectively, are mandatory. See Cunny v. State,629 So.2d 693, 696 (Ala.Cr.App. 1993); Burks v. State,611 So.2d 487, 492 (Ala.Cr.App. 1992). The imposition of fines under the drug trafficking statutes is mandatory. Toney v. State,572 So.2d 1308, 1315-16 (Ala.Cr.App. 1990); Moynes v. State,568 So.2d 392, 394 (Ala.Cr.App. 1990).
The majority's conclusion that the Act is not mandatory because § 13A-12-284 "provides for the suspension and reduction of penalties prescribed by the Act" is, in my opinion, incorrect. I think that § 13A-12-284 is an express exception to the terms of the Demand Reduction Assessment Act in the same way that subsection (b) of § 13A-12-232, Ala. Code 1975, is an express exception to the terms of the statute setting minimum mandatory sentences for drug trafficking.
Section 13A-12-232(a) establishes a mandatory minimum sentence for drug traffickers. Under the terms of §13A-12-232(b), however, that mandatory minimum sentence may be"reduce[d] or suspend[ed]" for those drug traffickers who provide "substantial assistance" in the apprehension of other drug dealers. Yet, despite the § 13A-12-232(b) "reduction or suspension" provision, we have held that § 13A-12-232(a) is mandatory. See Hughes v. State, 518 So.2d 890
(Ala.Cr.App. 1987). See also Ex parte Jones, 444 So.2d 888
(Ala. 1983).
Because I can find nothing in Ala. Code 1975, § 13A-12-280 et seq., indicating the legislature's intent to have the Demand Reduction Assessment Act construed differently from other mandatory sentencing provisions relating to drug offenses, I think this cause must be remanded for imposition of the assessment under the Demand Reduction Assessment Act. *Page 246