STATE OF MISSISSIPPI V. JEREMIAH M. KIRBY.

[51 South. 811.]

CONSTITUTIONAL LAW.  *Constitution* 1890, sec. 124.  *Pardons.  Governor. Exclusive power.  Laws* 1908, *ch.* 109, *p.* 104, *sec.* 3.

　　Under constitution 1890, sec. 124, investing the governor with the exclusive power to pardon convicted criminals, the third section of the statute, Laws 1908, ch. 109, p. 104, purporting to authorize the board of supervisors to discharge infirm convicts from county jails, is unconstitutional and void.

FROM the decision of HON. G. GARLAND LYELL, Chancellor, on *habeas corpus,* liberating Kirby, appellee, from confinement in the jail of Lawrence county.  The state appealed to the supreme court.  The facts are fully stated in the opinion of the court.

*George Butler,* assistant attorney-general, for appellant.

*S. B. Waddell,* for appellee.

[The briefs of counsel were withdrawn or lost from the record when it reached the reporter, hence no synopses of them is given.]

MAYES, J., delivered the opinion of the court.

Kirby was convicted of unlawfully selling intoxicating liquors by the circuit court of Lawrence county, and sentenced to serve three months' imprisonment in the county jail and to pay a fine of $500.  He served one month of his sentence of imprisonment, but paid no part of the fine.  After serving one month, he made application to the board of supervisors to discharge him, under section 3, c. 109, of the Laws of 1908.  The

application in all respects complied with the requirements of the section, and the board ordered his release. Afterwards the circuit judge of the district ordered Kirby rearrested and imprisoned, in order to compel him to serve out the sentence imposed by the court. After Kirby was arrested as above, and while in custody thereunder, he applied for a writ of *habeas corpus,* and was released under the writ on the ground that the board has ordered him discharged under the section above referred to.

The particular question presented is as to the constitutionality of the above section of the act, which is as follows: "If any convict, when he otherwise ought to be put to work, should be unable to labor from bodily infirmity apparently permanent, the board of supervisors may discharge him from the jail after the expiration of thirty days from the date of sentence. But in no case shall a convict be discharged, unless there be produced to the board a certificate of the sheriff, a physician, and another reputable person as to such infirmity, and the sheriff shall make the fine, costs, and jail fees out of the property and effects of the convict, if he have any."

It is claimed on the part of the state that the above section of the act violates section 124 of the Constitution of the state, in that it constitutes a pardon by the board of supervisors, a power which is exclusively delegated to the governor. We do not deem it necessary to set out here the section of the Constitution above referred to, further than to say that it is provided therein that in all criminal and penal cases, except treason and impeachment, the governor shall have the power to grant reprieves and pardons, to remit fines, etc. An examination of this section of the Constitution convinces us that section 3, p. 105, of the Acts of 1908, is an invasion of the power of the governor, and the section in question is unconstitutional. The sole power to pardon is confided by the Constitution to the governor, and cannot be delegated elsewhere by the legislature.

8 Cyc. 829.   The provisions of the act are humane and praise-worthy, but with this we have no concern, when engaged in determining its validity.

The decree is reversed, petition dismissed, and it is directed that appellee be rearrested and confined under the sentence already imposed.                                        *Reversed.*