## WHITE v. STATE.

(Division A. April 17, 1939.)

[188 So. 8. No. 33659.]

**Eugene P. Lacy,** of Booneville, for appellant.

**W. D. Conn, Jr.,** Assistant Attorney-General, for appellee.

**McGowen, J.**, delivered the opinion of the court.

The relator, Dee White, appellant here, appeals from an adverse judgment of the court below by which he was remanded to the custody of the sheriff.

It is unnecessary to detail fully the facts of this case, for, in view of the conclusion we have reached, they are in the main immaterial.

The minutes of the circuit court of Prentiss County, Mississippi, for the February Term, 1933, are as follows: "State of Miss. v. Dee White.

"No. 4216.

"The defendant in this cause being called and entered plea of guilty as charged, but sentence is deferred until the Court in term time or Judge in Vacation may see fit to impose same.

"Signed: . . .

"Circuit Judge."

More than five years afterwards the relator was incarcerated in jail by the sheriff on the following order:

"It appearing to the Court in Vacation that the defendant, Dee White, at the February Term, 1933, on being arraigned on an affidavit charging him with the unlawful possession of intoxicating liquor entered a plea of 'guilty' thereto; whereupon the Court deferred sentencing the said defendant for his said offense until the Court in term time or the Judge in vacation might see fit to impose same. And the defendant now being before the Judge in Vacation in the courtroom of the Courthouse at Booneville, Mississippi, and it appearing to the Judge that said defendant since said time has been charged with several violations of the law, the Judge now sees fit to impose said deferred sentence; and it is now ordered and adjudged by the Court that the Defendant, Dee White, be and is hereby, on said plea of

'guilty' heretofore entered, sentenced to pay a fine of $100.00 and costs and to serve a term of Three Months in the County Jail, and that he do stand committed to said jail until said fine and costs are paid and said jail sentence served.

"Ordered and adjudged in Vacation this 30th day of September, 1938.

"Signed . . .

"Circuit Judge."

It will be observed that no sentence was imposed on the relator at the February, 1933, Term of the Circuit Court, and further, that the circuit judge undertook in vacation to impose a sentence for a misdemeanor to which the relator had plead guilty in term time, as shown by the orders recited.

In Gulf Coast Stevedoring Co. v. Gibbs, 124 Miss. 188, 86 So. 582, 763, this Court held that a circuit judge could exercise only such power in vacation as was conferred upon him by statute. An examination of the statutes reveals that no power is vested in a circuit judge in vacation to impose a sentence for a misdemeanor.

Section 1298, Code 1930, reads as follows: "The circuit courts, in misdemeanor cases, are hereby authorized to suspend a sentence, and to suspend the execution of a sentence, or any part thereof, on such terms as may be imposed by the judge of the court." In this case the court did not pronounce sentence, or enter a judgment imposing a sentence on the relator. He deferred the imposition of the sentence, as well as the execution thereof.

Section 579, Code 1930, sets forth the powers vested in a circuit judge in vacation; the power to impose a sentence is not to be found therein. We assume that the circuit judge conceived the power here exercised to be vested in him by authority of section 1299, Code 1930. It is clear that that section has no application whatever to the facts of the record in this case. Nor can we find any authority by which a circuit judge may impose a sentence in vacation under section 1300, Code 1930. The

authority conferred thereunder was to annul and vacate a suspended sentence. There being no suspended sentence in the case at bar, there was none pending when the circuit judge in vacation, for the first time, imposed a sentence.

The judgment in vacation imposing sentence upon the relator is a nullity. We have applied here the rule announced in Scott v. State, 70 Miss. 247, 11 So. 657, 35 Am. St. Rep. 649: "Mere reversible error will not be examined into on habeas corpus, and the party must be driven to his direct appeal, the proper mode of rectification of irregularities. But for incurable, radical, fatal defects, plainly and indisputably manifest of record, relief should be granted even on habeas corpus."

Reversed, and appellant discharged.