GABRIEL *v.* BRAME, SHERIFF.

(In Banc.   Jan. 13, 1947.)

[28 So. (2d) 581. · No. 36263.]

Harold F. Crain and Cecil A. Rogers, both of Meridian, for appellant.

**Greek L. Rice,** Attorney General, by **Geo. H. Ethridge,** Assistant Attorney General, for appellee.

Argued orally by **Cecil A. Rogers** and **Harold F. Crain**, for appellant, and by **Geo. H. Ethridge**, for appellee.

**Griffith, J.**, delivered the opinion of the court.

At the August 1945 Term of the circuit court of Lauderdale County appellant pleaded guilty to a charge of willful trespass. The penalty for this offense as fixed by Section 2406, Code 1942, is a fine of not exceeding five hundred dollars, or imprisonment not longer than six months in the county jail or both—there being no prescription of a minimum sentence. Acting under the provisions of Section 2541, Code 1942, the court imposed the maximum penalty, but suspended all of it except ninety days in jail, conditioned that the convict would not violate the law in the future. After serving his ninety days, the convict was released under his bond.

On March 16, 1946, the district attorney filed with the court a petition in the nature of an information, under Section 2543, Code 1942, that since his release as aforesaid the convict had been guilty of burglary, and the court was requested to revoke the suspension and to require the remainder of the sentence as imposed to be put into execution. A hearing on this information was had in vacation at which hearing the convict was present, and an order was entered in accordance with the prayer of the information filed as aforesaid.

Upon his reincarceration under the order last mentioned, the convict presented to the court his petition for a writ of habeas corpus on the ground that Sections 2541 and 2543, Code 1942, commonly known as the suspension of sentence statutes, are unconstitutional as being an intrusion upon the pardoning power vested solely in the governor under Section 124, Constitution of 1890. The petition in habeas corpus was denied.

The question presented has been debated in a large number of cases in other states. In a considerable majority of the juridictions the contention here urged by appellant has been rejected, although there is a respectable minority to the contrary. The cases in an adequate number are cited or annotated under State v. Starwich, 119 Wash. 561, 206 P. 29, 26 A. L. R. 393, 399, and Montgomery v. State, 231 Ala. 1, 163 So. 365, 101 A. L. R. 1394, 1402. We concur in what has been held by the majority and that the challenged statutes are not in conflict with the Constitution. See particularly Richardson v. Commonwealth, 131 Va. 802, 109 S. E. 460 and In re Hall, 100 Vt. 197, 136 A. 24.

Two propositions are fundamental, as we think, the first of which is that punishment for crime has its basis solely in its effect as a deterrent as against future offenses—that punishment for the sake of punishment, or for vengeance alone, has no place in the processes of human tribunals. And as a deterrent, a present offender is as much within the object as others in general. And, secondly, that the authority to say what constitutes a crime, and what punishment shall be inflicted, is in its entirety a legislative question, save as to punishment which is cruel and inhuman, and being so, the law-making authority may prescribe not only the penalty but also such incidents and conditions as will in the judgment of the legislature best serve the general policy which is the basis of all criminal sentences.

Such being the plenary power of the law-making body, we suppose it will not be denied that it is within the legis-

lative authority to provide that, in all except nonbailable cases, the court shall not be obliged to impose any sentence at all at the term during which the verdict or plea of.guilty is pronounced, but may prescribe that the court, in its discretion, may continue the case to the next succeeding term and thence from term to term, sentence to be imposed at any later term to which the case has been continued for that purpose, at which later term the court may inquire into the conduct of the convict since the date of his conviction in order to furnish further light as to the proper sentence to be imposed.

It must follow, therefore, that inasmuch as the lawmaking power may authorize the deferment of the sentence in its entirety until a subsequent term, it may authorize the pronouncement of a part of the sentence at the conviction term, with deferment of the remainder, or what is the same thing in practical effect, that the court may pronounce what the trial judge considers is the maximum that he will adjudge in any event and suspend a part of it until a future term, this being necessary under White v. State, 185 Miss. 307, 188 So. 8, in order that the court may deal with it in the future in vacation as well as in term time, under Section 2543, Code of 1943.

In the cases above mentioned the court fully retains jurisdiction of the matter, keeps the convict under bond, so that what it subsequently does in revoking the suspension is in the exercise of a function which, when so authorized by statute, is judicial in its nature and as an incident of the court's procedural administration, McLemore v. State, 170 Miss. 641, 644, 155 So. 415, and trenches not at all upon the constitutional authority of the governor to grant reprieves and pardons.

We believe many of the minority cases have failed to take sufficient notice of the distinction between a case such as we have here and those wherein the court has finally acted and jurisdiction of the matter no longer rests with the court. Such a case was State v. Kirby, 96 Miss. 629, 51 So. 811, which furnished the chief basis for

the argument in the controlling opinion in State v. Jackson, 143 Miss. 745, 109 So. 724, dealing with a different statute. This latter case was decided by an equally divided court. It was not cited by either side in the present case. .We will say of that case only that we are not in accord with the controlling opinion, but concur rather in the reasoning of the three other judges. Appellant relies strongly on Montgomery v. State, 231 Ala. 1, 163 So. 365, 101 A. L. R. 1394, but an examination of that opinion discloses that it goes back to Haley v. Clark, 26 Ala. 439, wherein the court had imposed a fine which was fully paid and thereafter the court having entirely finished with the matter, the legislature attempted to authorize its repayment.

Finally, we may observe that the statute authorizing suspension of sentences has been in our laws as far back as Chapter 207, 1914, more than thirty years. In hundreds and hundreds of cases the trial courts have availed of its provisions and several of them have been before this Court. And so far as we can find not until now has any constitutional question been raised as to that particular statute. In addition, therefore, to the consideration that a statute will not be held to be unconstitutional unless clearly so, we may regard the situation as one suitable for the application of the observation found in Webb v. Rome, W. & O. R. Co., 49 N. Y. 420, 10 Am. Rep. 389, 393, to quote: "Where there has been a long series of uniform decisions, asserting the same principle, and reaching the same conclusion upon facts which are alike, and where a point now lately made was as much involved, the fact that the point has not been raised in any of these cases by counsel or stated by the court is strong support that it is now made without ground." See 15 C. J., p. 942, note 9, and 21 C. J. S., Courts, Sec. 186, pp. 300, 301.

Affirmed.

**Sydney Smith, C. J.**, did not participate in this decision.