WHITTINGTON *v.* STEVENS, SHERIFF.

June 14, 1954

No. 39341          67 Adv. S. 140          73 So. 2d 137

*Arrington & Arrington, Carroll Kemp,* Hazlehurst, for appellant.

*Joe T. Patterson,* Asst. Atty. Gen., Jackson, for appellee.

GILLESPIE, J.

The Board of Supervisors of Copiah County entered an order in full accordance with the second sentence of Code Section 7907 releasing appellant from one-half of his term of imprisonment. The circuit judge entered an order without notice to appellant declaring void the order of the board of supervisors and directed the sheriff to hold appellant in jail for the fulfillment of the term of imprisonment. Appellant filed a petition for a writ of habeas corpus, which was denied by the chancellor. This appeal is from the order of the chancellor denying the writ.

Code Section 7907 is as follows: "Deductions from sentence for efficient work or when crippled or incapacitated.—Any convict working under the direction of the board of supervisors who renders efficient services and complies with all necessary rules and regulations may have deducted from the term of his imprisonment one-fourth thereof. Any convict working under the direction of the board of supervisors who is so crippled or incapacitated because of illness that he cannot perform manual labor may have deducted from the term of his imprisonment one-half thereof when his inability to work has been certified to by the jail physician and duly spread upon the minutes of said board."

The question is whether the second sentence of the above statute is unconstitutional as infringing upon the pardoning power vested in the governor.

Section 124 of the Constitution provides that in all criminal and penal cases, excepting those of treason and impeachment, the governor shall have the power to grant reprieves and pardons, to remit fines, etc. Sec-

tion 225 of the Constitution provides that the legislature may provide for the commutation of the sentence of convicts for good behavior.

In the case of State v. Kirby, 96 Miss. 629, 51 So. 811, this Court held that Section 3, Chapter 109 of the Laws of 1908, was unconstitutional and violated Section 124 of the Constitution of the State. Section 3, Chapter 109 of the Laws of 1908, was as follows:

"If any convict, when he otherwise ought to be put to work, should be unable to labor from bodily infirmity apparently permanent, the board of supervisors may discharge him from the jail after the expiration of thirty days from the date of sentence. But in no case shall a convict be discharged, unless there be produced to the board a certificate of the sheriff, a physician, and another reputable person as to such infirmity, and the sheriff shall make the fine, costs, and jail fees out of the property and effects of the convict, if he have any."

The second sentence of Code Section 7907 is substantially the same as Section 3, Chapter 109 of the Laws of 1908. Subsequent to the decision in State v. Kirby, supra, our Court decided the case of State v. Jackson, 143 Miss. 745, 109 So. 724, and by an evenly divided Court, held that Chapter 155 of the Laws of 1924 was unconstitutional as being an infringement upon the pardoning power vested in the governor by Section 124 of the State Constitution. That statute denounced wife desertion or non-support and provided for a suspension of the fine and imprisonment upon the defendant entering into a bond conditioned that such defendant would provide for the support and maintenance of his wife or children for a period of two years.

In Gabriel v. Brame, Sheriff, 200 Miss. 767, 28 So. 2d 581, this Court upheld the constitutionality of Sections 2541 and 2543 of the Code of 1942, commonly known as the suspension of sentence statutes. In the opinion in Gabriel v. Brame, Sheriff, State v. Kirby, supra, was discussed and distinguished. It was there said that

State v. Kirby was a case where the Court had finally acted and jurisdiction of the matter no longer rested with the Court, and of State v. Jackson, supra, the Court said that it was not in accord with the controlling opinion but concurred in the reasoning of the dissenting opinion. We are of the opinion that the cases of State v. Jackson, supra, and Gabriel v. Brame, Sheriff, supra, did not have the effect of modifying State v. Kirby, supra, as they dealt with different types of statutes.

It is contended that the power to pardon vested by the Constitution in the governor is not infringed upon by the legislature providing for commutation of the sentence as provided by the second sentence of Code Section 7907. There is a distinction between a pardon and a commutation of sentence. A pardon is an act of grace proceeding from the power intrusted with the execution of the laws, in our State, the governor. A pardon relieves the person named from the legal consequences of a specific crime. 39 Am. Jur. 523. A commutation of sentence is the change of the punishment to which a person is sentenced to less severe punishment—a substitution of the lesser for a greater punishment. 39 Am. Jur. 524.

It is the general rule in most American jurisdictions that where such power is vested in the governor his powers in this respect may not be infringed upon. 39 Am. Jur. 529. This Court has so held in State v. Kirby, supra. The power is one inherently vested in the people, who, by constitutional provision, may vest it where they choose. By Section 124 of the Constitution, they have vested it in the governor with one exception. By Section 225 of the Constitution, the legislature may provide for the commutation of the sentence of convicts for good behavior.

"A power to grant pardon given to the executive by the Constitution in unrestricted terms includes authority to grant all kinds of pardons known to the common law, and also the power to grant reprieves, commutation of

sentences, conditional pardons, and to remit fines and forfeitures.'' 39 Am. Jur. 532.

''The power to commute a sentence is not judicial, but a sovereign power inherent in the state. Although there is authority to the contrary, it is generally held that the general power to pardon necessarily contains in it the lesser power of remission and commutation, since, if the whole offense may be pardoned, a fortiori a part of the punishment may be remitted or the sentence commuted. In a number of jurisdictions the power to commute is expressly vested in the pardoning power.

''Exclusiveness of power. Where the power to commute sentences is expressly or impliedly vested in the governor or a board, that authority alone can grant a commutation; and no other person, official, or body can be empowered to grant a commutation. . . .'' 67 C. J. S., p. 584.

The second sentence of Code Section 7907 attempts to vest in the board of supervisors the power to commute one-half of the term of imprisonment of a prisoner who ''is so crippled or incapacitated because of illness that he cannot perform manual labor.'' It is not a good behavior statute authorized by Section 225 of the Constitution. It cannot be said that it may be considered in connection with the first sentence based on good behavior. The part of the statute here relied upon by appellant is based solely on the physical condition of the prisoner.

We hold that under the Constitution the governor is vested with the exclusive power to pardon with the sole exception that the legislature may provide for the commutation of the sentence of convicts for good behavior; that the power to pardon includes the power to commute sentences in criminal cases. This power may not be infringed upon by legislative enactment. We reaffirm what was held in State v. Kirby, supra.

The part of the statute relied upon by appellant, the second sentence of Code Section 7907, is therefore held

to be unconstitutional as an infringement upon the pardoning power vested in the governor. We recognize that the legislature was prompted by the highest humanitarian motives in enacting the second sentence of Code Section 7907. There is a presumption in favor of the constitutionality of legislative acts. However, the act in question must be measured only by the yardstick of the Constitution for the purpose of determining where lies the power.

Affirmed.

*McGehee, C. J.*, and *Lee, Kyle* and *Holmes, JJ.*, concur. *Arrington, J.*, took no part.

---

ETHRIDGE, J., dissenting:

It seems to me that in striking down the second sentence of Code of 1942, Section 7907, the Court is placing an unwarranted restriction upon the power of the Legislature to control the management, supervision and discharge of prisoners. This statute simply provides that the board of supervisors may deduct one-half of the sentence of a prisoner in the county jail, if he is "so crippled or incapacitated because of illness that he cannot perform manual labor. . . ." The board cannot do this until it has the certificate of the jail physician, which must be placed upon the minutes along with the order. There are eighty-two counties in the State, and prisoners convicted of misdemeanors with jail sentences usually of six months or less are kept in county jails in practically all of those counties. If a prisoner becomes so ill that he cannot work, or he is otherwise physically incapacitated, the majority decision denies to the Legislature, and boards of supervisors, the humane power to commute part of the sentences of such convicts.

On the other hand, it is undisputed, and the majority opinion recognizes that under Constitution Section 225 the Legislature can commute sentences of convicts in

county jails as well as the state penitentiary for "good behavior." In other words, if the Legislature had simply added the requirement of good behavior to the second sentence of Section 7907, it would have been entirely valid. This would seem to be a technical difference without any realistic basis.

Article IV of the 1890 Constitution creates the "Legislative Department." Section 33 provides, "The legislative power of this state shall be vested in a legislature which shall consist of a senate and a house of representatives." The Legislature has all of the legislative power of the State as the representative of the people not withheld from it, or stated another way, unless it is restricted expressly or by necessary implication by other sections of the Constitution. State v. Henry, 87 Miss. 125, 144, 40 So. 152 (1905); Hinton v. Perry County, 84 Miss. 536, 547, 36 So. 565 (1904); State v. Grenada County, 141 Miss. 701, 722, 105 So. 541 (1925). Clearly it is part of the police power of the State to control the penitentiary and prisons and the management of convicts therein. That is the general rule, and is in effect expressly recognized in Article X of the State Constitution, which for the most part prohibits the Legislature from doing certain things with prisons. Section 225 also provides that the Legislature may commute sentences for good behavior. However, that is not exclusive of the other legislative powers over prisons. The above quoted rule of interpretation of Section 33 is to the contrary. The Legislature has all legislative power not expressly restricted by other sections of the Constitution. And nowhere in the Constitution is there a denial to the Legislature of a power to commute the sentences of convicts who are so ill or physically incapacitated that they cannot work.

The basis of the decision herein is the theory that Constitution Section 124 necessarily precludes any power in the Legislature to commute sentences for illness. That section provides that "the governor shall

have power to grant reprieves and pardons, to remit fines, . . ." Section 7907 does not deal with the granting of a reprieve or the remitting of a fine. Does the second sentence of this statute impinge upon the power granted to the governor in Section 124 to grant pardons? It is true that the power to pardon includes the lesser power to commute sentence, and that the power to pardon is exclusively vested in the governor. But this latter, exclusive power is an act which exempts an individual from punishment and absolves him from all legal consequences of a crime. He is placed in the status of a person who has never committed a crime. 39 Am. Jur., Pardon, Section 4. Section 7907 does not attempt to infringe upon the governor's pardoning power. It simply gives each county board of supervisors, which should be better informed on the condition of the men in the county jail than anyone else, the power to reduce a man's sentence in the county jail if he is so ill or crippled that he cannot work.

*The key to the issue in this case,* which with deference the majority opinion overlooks, is that although the rule is that the governor has the exclusive power to pardon, practically all of the courts also hold that *the lesser powers to commute and to suspend sentences, to grant paroles, and to put on probation are not exclusively vested in the governor, but are coequally vested in the Legislature.* The majority opinion fails to take into account that important distinction made by the numerous decisions on this point of constitutional law. State v. Kirby, 96 Miss. 629, 51 So. 811 (1910), and the instant decision are in somewhat of a solitary position in the field of constitutional law. The overwhelming weight of authority in the country is to the contrary, and holds that although the power to pardon is exclusive, the lesser power to commute sentences is not exclusively in the Governor, but is also vested in the Legislature. There are very practical reasons for that distinction. Our

own Constitution, in Section 225, which expressly states that the Legislature may commute sentences for good behavior, makes that distinction and indicates the reason for it. The control and administration of the prison system of a state is properly the responsibility of the Legislature, and should be within the Legislature's power. It designates what are crimes and the punishments for them. That is certainly the prevailing rule in this country. Nor is there, in my opinion, any provision in the State Constitution which deprives the Legislature of that power.

The controlling opinion follows State v. Kirby, supra, decided in 1910. That case struck down a somewhat similar statute, as being ''an invasion of the power of the Governor . . . the sole power to pardon is confided by the Constitution to the Governor . . .'' The opinion is brief, cites no authorities to support it, and makes no examination of the then prevailing rule of constitutional law, which is the same today. State v. Kirby was decided incorrectly, I think, and since it placed an unwarranted and undesirable limitation upon the Legislature's power, contrary to the Constitution's division of powers between the three departments, I think it should be overruled.

The only reference made in the controlling opinion to the precedents elsewhere on the question of whether the power to commute sentences for illness is exclusive in the governor is to 67 C. J. S., Pardons, page 584. But the cases cited at that point in the text are not applicable. The controlling principle is concisely stated in 16 C. J. S. Constitutional Law, Section 132, page 337: ''The pardoning power of the executive is not ordinarily regarded as infringed by statutes providing for the imposition of indeterminate sentences, or for granting of paroles, placing on probation, or commutation of imprisonment of persons thereafter convicted, or by an act authorizing a suspension of sentence by the court.'' Cases from many states holding to that effect are cited

in the footnotes of that text. See also 46 C. J., pp. 1204-1205, and 67 C. J. S., Pardons, Sec. 18.

The same distinction is made with reference to a parole, which is the release of a convict from imprisonment upon certain conditions to be observed by him. The principle is the same. 39 Am. Jur., Pardon, Section 83, says: "The constitutionality of statutes establishing systems of parole has been attacked in some cases on the ground that they infringe on the power of granting pardons vested by the Constitution in the governor or in some person or persons other than those in whom the statute purports to vest the power to parole prisoners. The courts, however, have generally sustained such acts where the effect is to shorten the term and leave the conviction and guilt unaffected. The Federal parole statutes have also been upheld as against the objection of improper delegation of or interference with the pardoning power. A statute that merely provides for paroling prisoners does not in any way affect the pardoning power of the governor, and he may still grant a pardon, whether the prisoner is on parole or in the penitentiary. Similarly, a statute granting to the trial judge the power to grant a parole at the time of judgment in certain circumstances and on certain conditions is not an invalid invasion of the pardoning power of the governor." See also the more extended discussion in the same text, Sections 83-84, 1953 Supplement; Anno. 143 A. L. R. 1486, 1488, 1492-1493 (1943).

In brief, the great weight of authority makes a distinction between the exclusive power of the governor to pardon, and the power of the governor to commute sentences, and holds that the latter power is not exclusive but is also part of the legislative power.

In State v. Jackson, 143 Miss. 745, 109 So. 724, (1926), the Court held invalid a statute which made it a crime for a husband to neglect or refuse to support his wife or children, and which provided that the trial court could suspend any sentence for such crime upon the

defendant making a bond conditioned upon supporting his dependents. By a three to three vote, it was held that this statute infringed upon the pardoning power of the governor, citing State v. Kirby. The three dissenting judges pointed out that the statute did not attempt to invade the government's pardoning power; that the guilt and conviction of the defendant remained in effect; and that the statute simply provided an alternative, if the convict would make the required bond.

In Gabriel v. Brame, 200 Miss. 767, 28 So. 2d 581 (1947), the Court in banc, and without dissent, upheld the statute which authorizes a circuit court to suspend a sentence based on conviction for a misdemeanor. It was said that this act was not an intrusion upon the pardoning power of the governor. In "a considerable majority of the jurisdictions" of the country similar statutes are held to be valid. This significant statement was then made: The authority to say what constitutes a crime and what punishment shall be inflicted "is in its entirety a legislative question . . . and being so, *the lawmaking authority may prescribe not only the penalty but also such incidents and conditions as will in the judgment of the legislature best serve the general policy which is the basis of all criminal sentences.*" (Emphasis added.) The Court distinguished Kirby on the ground that there the court had acted finally. But I do not think that distinction is proper, because in Kirby the question was not whether there was any interference with the judicial power, but rather with the governor's power. The Court also said that it was not in accord with the controlling opinion in State v. Jackson, but concurred "rather in the reasoning of the three other judges."

Hence it would seem that Gabriel has in principle, although not technically, overruled Kirby. The bases of the two decisions are not reconcilable: In Gabriel the suspension of part of a sentence was held not to be violative of the governor's pardoning power; in Kirby the

commutation of part of a sentence, also by a body acting under a statute, was held to be invalid. So I submit that in principle Gabriel overruled Kirby.

Another wholly inconsistent aspect of the controlling opinion appears when it is noted that a very similar statute, authorizing the mayor of a municipality with the consent of the governing body to commute sentences of convicts who violate municipal ordinances, has been held to be valid and not an infringement of the governor's pardoning power. The statute is Code of 1942, Section 3374-94. It was first passed in Code of 1892, Section 2986. This was the first legislative session after the Constitution of 1890 went into effect. The statute has remained in the Mississippi laws since 1892. Miss. Code 1930, Section 2520. In Allen v. McGuire, 100 Miss. 781, 57 So. 217 (1911), the Mayor and Board of Aldermen of the City of Jackson, acting under this statute, commuted sixteen days of McGuire's thirty-day jail sentence. The city marshal refused to release him, and McGuire petitioned for release by writ of habeas corpus. It was contended that this statute violated the pardoning power of the governor, but the Court said that Constitution Section 124 "has no application to punishments imposed by virtue of municipal ordinances." However, I cannot see any basis for that distinction. A municipality is solely a creature of the Legislature, and as such, it acts for the State. Yet under Section 3374-94 and Allen v. McGuire a municipality can validly commute the sentence of a convict for illness, but under the controlling decision herein a board of supervisors has no such power. It appears to me that the two results are inconsistent in principle and reason.

There are other pertinent considerations. A statute is presumed to be valid, and its invalidity must be shown beyond every reasonable doubt. Moreover, the second sentence of Code Section 7907, which is held void by the controlling opinion, has been in our laws for twenty-two years, and no doubt in hundreds of cases boards of su-

pervisors have availed of its provisions. The predecessor of Code 1942, Section 7907, was Code of 1930, Section 4066. The latter act was in identical terms the first sentence of the present statute, and was manifestly a good conduct statute based on Constitution Section 225. When it was amended in 1932, the Legislature added to it the second sentence of the present Section 7907. Miss. Laws 1932, Chapter 199. Apparently the Legislature had in mind making the entire act a good conduct statute, and thereby complying with Constitution Section 225 and Kirby. In 1933 the attorney general's office rendered an opinion that the amended act was valid for that reason. That interpretation of the attorney general's office apparently was followed by boards of supervisors and acquiesced in for twenty-one years until in 1953 the attorney general's office rendered an advisory opinion that the second sentence was invalid. Where a statute has been on the books for many years and has been followed and interpreted in a certain way, a strong presumption is created of the validity of the act. Gabriel v. Brame, 200 Miss. 767, 775, 28 So. 2d 581 (1947).

The majority opinion states that we are not concerned with the high humanitarian motives of the Legislature in passing this statute, but only with the "yardstick of the Constitution." I think we are concerned with both, and where both are consistent with a reasonable interpretation of the organic law, as here, we should not hold the act to be void.

For these reasons, I dissent from the controlling opinion. I would reverse the order of the chancellor denying appellant relief on his petition for writ of habeas corpus, would uphold the order of the board of supervisors, and would therefore release appellant.

*Roberds* and *Hall, JJ.,* join in this dissent.